IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LASALLE BANK NATIONAL ASSOCIATION, as TRUSTEE for MORGAN STANLEY MORTGAGE LOAN TRUST 2006-9AR,

    Plaintiff,

  v.

JONATHAN SHAPIRO, et al.,

    Defendant.
_____/

No. C 09-02384 CW

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES
(Docket No. 14)

    Plaintiff LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-9AR, moves to remand this action to state court and seeks to recover attorneys' fees incurred in filing the motion. Defendant Jonathan Shapiro opposes the motion. Having considered all of the papers filed by the parties, the Court grants Plaintiff's motion to remand and denies its request for attorneys' fees.

## BACKGROUND

    The following facts are taken from Plaintiff's complaint and the documents of which the Court has taken judicial notice.[1] On or about May 27, 2008, Plaintiff purchased the property located at

---

[1] The Court grants the parties' requests for judicial notice of the state court filings.

5818 California Street, Unit A, San Francisco, California at a non-judicial foreclosure sale following foreclosure proceedings. On June 13, 2008, Plaintiff's title to the property was duly perfected by recordation of the Trustee's Deed Upon Sale in the Official Records of San Francisco County. Pl.'s Ex. A at 1. On June 23, 2008, Defendant was served with written notice that Plaintiff's title in the property had been perfected and that he would have to quit and surrender possession of the property to Plaintiff within thirty days. After this period passed, Defendant was still living at the property without Plaintiff's permission or consent. Consequently, Plaintiff filed an unlawful detainer action in San Francisco Superior Court on December 16, 2008. In the state court action, Plaintiff's complaint contains a single state law cause of action for unlawful detainer.

On May 28, 2009, Defendant filed a notice of removal asserting that the Court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(b) in that it "arises under and/or is preempted by the laws of the United States, specifically, PL 111-222 (S.896)(enacted May 20, 2009)." Notice of Removal ¶ 4. On September 1, 2009, Plaintiff filed this motion to remand.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a

2

motion to remand, the scope of the removal statute must be strictly construed.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (internal citation omitted).  Courts should resolve doubts as to removability in favor of remanding the case to state court.  See id.

Ordinarily, federal question jurisdiction is determined by examining the face of the plaintiff's properly plead complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  A federal defense is not part of a plaintiff's properly plead statement of his or her claim.  Id. (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.")).  A case, therefore, may not be removed to the federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14 (1983).

## DISCUSSION

I.  Unlawful Detainer

Defendant argues that this action gives rise to federal court jurisdiction under the "Protecting Tenants at Foreclosure Act of 2009."  12 U.S.C. §§ 5201 et seq.  He asserts that, because

3

Plaintiff did not have a valid right of possession over the property, it did not have the proper authority to conduct a trustee sale, and thus the 2008 Trust Sale is invalid. Therefore, Defendant argues that the determination of whether Plaintiff has valid title to the property depends on the Court's resolution of federal questions under the Protecting Tenants at Foreclosure Act.

In support of this argument, Shapiro relies on Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 310 (2005). In that case, the Internal Revenue Service (IRS) seized Grable's real property to satisfy a federal tax delinquency, and notified him by certified mail before selling the property to the defendant. Id. at 310. Grable subsequently brought a quiet title action in state court, claiming that the defendant's title was invalid because federal tax law required the IRS to give Grable notice of the sale by personal service. Id. at 311. The defendant removed the case to federal court on the grounds of federal question because the title claim depended on an interpretation of federal tax law. Id. The Court found that federal jurisdiction existed because the statute's meaning was "an essential element of [petitioner's] quiet title claim, and the meaning of the federal statute is actually in dispute." Id. at 315.

Here, whether Plaintiff has a valid right of possession to the property does not fall under federal law, and is not "an essential element" of Plaintiff's state law claim for unlawful detainer. Unlike in Grable, Defendant's defense, not Plaintiff's claim, depends on an interpretation of federal law. Defendant's attempt to raise federal issues in his defense does not support removal to federal court. Thus, the requirements of federal question

jurisdiction are not satisfied and the Court does not have subject matter jurisdiction to hear the case.[2]

II. Attorneys' Fees

Plaintiff seeks an order compelling Defendant to reimburse it for attorneys' fees it incurred in connection with the improper removal. 28 U.S.C. § 1444(c) allows the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorneys' fees and expenses are appropriate where a defendant's removal petition lacks any reasonable basis in law or fact. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court declines to award attorneys' fees and costs incurred in seeking this remand because Defendant's removal petition was not entirely lacking a reasonable basis in law or fact.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand this action to state court and DENIES Plaintiff's request for attorneys' fees. (Docket no. 14). The hearing set for October 8, 2009 is vacated. The Clerk shall remand the case to the Superior Court for San Francisco County.

IT IS SO ORDERED.

Dated: 10/5/09

CLAUDIA WILKEN
United States District Judge

---

[2] Because the Court remands this action to state court based on a lack of a federal question, it need not address Plaintiff's remaining arguments.

5